1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOBBY T. MCHENRY,                          No. C 07-2334 JSW (PR)

          Petitioner,                    **ORDER OF DISMISSAL WITH**
                                           **LEAVE TO AMEND**

    v.

TOM FELKER, Warden,                        (Docket Nos. 2, 5)

          Respondent.
_____/

15
16
17
18
19
20
21
22
23

     Petitioner, currently incarcerated at High Desert State Prison in Susanville, California, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.  Petitioner's motions to proceed *in forma pauperis* (docket nos. 2, 5) are now GRANTED.  The petition contain claims regarding admission of evidence, testimony by an "incompetent" witness, the sufficiency of the evidence, admission of hearsay evidence, and ineffective assistance of trial and appellate counsel.  However, in the petition, Petitioner fails to allege that his federal constitutional rights were violated by the above errors.

24
**DISCUSSION**

25
A.   Standard of Review

26
27
28
     This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28

1   U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

2   A district court shall "award the writ or issue an order directing the respondent to

3   show cause why the writ should not be granted, unless it appears from the application that

4   the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary

5   dismissal is appropriate only where the allegations in the petition are vague or conclusory,

6   palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d

7   490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

8   B.   Petitioner's Claims

9   Petitioner's petition contains six separate claims.  However, the petition has a

10  critical defect:  the petition does not mention any violation of a federal right with regard

11  to any of the claims he wishes to raise.  A person in custody pursuant to the judgment of a

12  state court can obtain a federal writ of habeas corpus only on the ground that he is in

13  custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C.

14  § 2254(a).  In other words, a writ of habeas corpus is available under § 2254(a) "only on

15  the basis of some transgression of federal law binding on the state courts."  *Middleton v.*

16  *Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119

17  (1982)), *cert. denied*, 478 U.S. 1021 (1986).  It is unavailable for violations of state law or

18  for alleged error in the interpretation or application of state law.  *See Estelle v. McGuire*,

19  502 U.S. 62, 67-68 (1991); *Engle*, 456 U.S. at 119; *Peltier v. Wright*, 15 F.3d 860, 861-62

20  (9th Cir. 1994).  Petitioner's petition must be dismissed for failure to state a cognizable

21  claim for federal habeas relief.  However, he will be given leave to amend to cure this

22  defect.

23                                    **CONCLUSION**

24  For the foregoing reasons and for good cause shown, this action is dismissed with

25  leave to file an amended petition within ***thirty days*** of the date of this order in which

26  Petitioner presents only claims for violations of his rights under the laws, treaties, or

27  Constitution of the United States.  Each and every such claim must have been presented

28  to the California Supreme Court before it may be asserted in a federal habeas action.  The

amended petition must contain the caption and civil case number used in this order and the words AMENDED PETITION on the first page.  Failure to file an amended petition by the deadline will result in dismissal of this action.

It is Petitioner's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with any orders of the Court within the time allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

IT IS SO ORDERED.

DATED:  October 15, 2007

_____
JEFFREY S. WHITE
United States District Judge

1      UNITED STATES DISTRICT COURT

2                  FOR THE

3        NORTHERN DISTRICT OF CALIFORNIA

4

5

6    BOBBY T. MCHENRY,                          Case Number: CV07-02334 JSW

7              Plaintiff,                        **CERTIFICATE OF SERVICE**

8      v.

9    TOM FELKER et al,

10             Defendant.
     _____/

11

12   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.

13   That on October 15, 2007, I SERVED a true and correct copy(ies) of the attached, by placing
     said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
14   depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
     delivery receptacle located in the Clerk's office.

15

16

17   Bobby T. McHenry
     V62322
18   P.O. Box 3030
     Susanville, CA 96127
19
     Dated: October 15, 2007              *Jennifer Ottolini*
20
                                          Richard W. Wieking, Clerk
21                                        By: Jennifer Ottolini, Deputy Clerk

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28